91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Murphy Vincent TENERIO, Defendant-Appellant.
 No. 95-10397.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1996.
Decided July 18, 1996.
 
 Before: WOOD,* CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Murphy Vincent Tenerio appeals the 60-month sentence imposed by the district court following the revocation of his supervised release. We have jurisdiction, 28 U.S.C. § 1291, 18 U.S.C. § 3742, and affirm.
 
 
 3
 Tenerio argues that his sentence violates the Double Jeopardy Clause and amounts to cruel and unusual punishment because the district court sentenced him above the range in the Revocation Table, U.S.S.G. § 7B1.4. According to Tenerio, this had the effect of doubly punishing him, once for the underlying offense, and again for the release violation. Tenerio also claims that the district court erroneously concluded that the violations indicate a risk of new felonious conduct and are logically connected to the underlying offense, and that its upward departure for this reason was unfounded.
 
 
 4
 Tenerio admitted to violating numerous conditions of his supervised release, including failure to report to his probation officer and to attend the required sex offender treatment sessions. As it was supposed to do, the district court considered the Chapter 7 policy statements. 18 U.S.C. § 3553(a); United States v. Plunkett, 74 F.3d 938, 940 (9th Cir.1996) (court must consider policy statements but may rely on either the guidelines or the policy statements in resentencing for supervisory release violations under § 3553). The applicable policy statement, U.S.S.G. § 7B1.4, provides for a sentence of 5-11 months imprisonment where, as here, there were Grade C violations by a defendant with a criminal history category of 3. The commentary provides that an upward departure from that range may be warranted "[w]here the original sentence was the result of a downward departure ... or a charge reduction that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct ...," U.S.S.G. § 7B1.4, comment (n. 4), or "[i]n the case of a Grade C violation that is associated with a high risk of new felonious conduct (e.g., a defendant, under supervision for conviction of criminal sexual abuse, violates the condition that he not associate with children by loitering near a schoolyard)...." U.S.S.G. § 7B1.4, comment (n. 3). The district court observed that Tenerio was originally sentenced below the guideline range, found that the failure to participate in the mental health counseling was particularly egregious, and departed upward pursuant to both notes 4 and 3.
 
 
 5
 Although Tenerio takes issue with the district court's departure based on the risk of new felonious conduct associated with his failure to attend the sex offender treatment sessions, he does not dispute the factual predicate for the district court's application of note 4. It is clear that the district court originally departed downward from the applicable guideline range by sentencing Tenerio to 24 months imprisonment instead of 168-210 months as the guidelines provided. For this reason, the court had authority to depart upward pursuant to note 4. As its sentence complied with § 3583(c), we have no need to consider whether it properly also based its upward departure on note 3.
 
 
 6
 Tenerio submits that the Class C violations of the supervised release have no nexus to the underlying offense, therefore the court's sentence must have been for the same offense though he committed no additional offense of the same nature and broke no law. However, he offers no authority why his sentence, which was imposed following revocation of supervised release and for violating the terms of his supervised release, amounts to double jeopardy. We fail to see how considering the risk of recidivism in light of Tenerio's failure to complete mental health counseling, as required by his original sentence, amounts to punishing him twice for the original offense.
 
 
 7
 In his reply, Tenerio also argues that his Eighth Amendment rights were violated because the sentence imposed exceeded the proscribed time period, is tantamount to disparate and discriminatory treatment, and fails to reflect the seriousness of the Class C violations of supervised release as contrasted with the underlying offense. This point was not argued in his opening brief and is therefore waived. In any event, it lacks force as the district court has discretion to sentence a supervised release violator to the range of sentences available at the time of the original sentencing. Plunkett, 74 F.3d at 940.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3